**WHITE et al. v. MURPHY et ux.** (No. 1209.)

(Court of Civil Appeals of Texas. El Paso. April 7, 1921.)

I. Mines and minerals ⬥➞74—Assignor of lease does not impliedly warrant title.

The assignors of a gas and oil lease do not warrant their title where the assignment contains no express covenants of any kind, since covenants for title are not implied in a mere assignment of a lease, so that the assignors are not liable to the assignee for failure of the title.

2. Mines and minerals ⬥➞74—Implied covenant in assignment of lease held not to protect assignee against cancellation of lease for fraud.

If by the use of the words "grant and convey" in the assignment of an oil and gas lease a covenant against incumbrances and prior conveyance by the assignors is implied under Rev. St. 1911, art. 1112, such a covenant would not protect the assignee against a cancellation of the lease for fraud of the assignors in obtaining it.

3. Appeal and error ⬥➞877(2)—Assignments not affecting appellants will not be considered.

In a suit to cancel an oil and gas lease, where the defendant assignee of the lease secured judgment against the defendant assignors, and the latter alone brought error and secured reversal of that portion of the judgment, they were not interested in the portion of judgment canceling the lease for fraud, and

their assignments of error to that portion will not be considered.

Error from District Court, Eastland County; E. A. Hill, Judge.

Suit by C. R. Murphy and wife against L. A. White, J. C. Gorman, and the Lone Star Gas Company to set aside a mineral lease. From a judgment for plaintiffs against all defendants and for the Gas Company upon its cross-action against its codefendants, the defendants White and Gorman bring error. Affirmed in part, and reversed and rendered in part.

J. R. Stubblefield and W. H. Sewell, both of Eastland, for plaintiffs in error.

Chas. L. Harty, of Dallas, and Templeton & Milam, D. G. Hunt, and Scott, Brelsford, Funderburk & Ferrell, all of Eastland, for defendants in error.

HIGGINS, J. C. R. Murphy and wife brought this suit against L. A. White, J. C. Gorman, and Lone Star Gas Company to cancel and set aside a mineral lease given by the Murphys to White and Gorman and by the latter assigned to the Lone Star Gas Company. It was alleged that White and Gorman procured the lease by fraud. The gas company filed a cross-action against White and Gorman asking, in the event the lease was canceled, that it recover $6,285 paid for the assignment. Judgment was rendered in favor of the Murphys against all defendants as prayed for and in favor of the gas company upon its cross-action. White and Gorman alone prosecute this writ of error.

[1, 2] By their eighth assignment plaintiffs in error complain of the judgment rendered upon the cross-action, because their assignment of the lease to the gas company did not warrant their title and did not create any liability against them for failure of the title. This is well taken. The assignment contains no express covenants of any kind, and covenants for title are not implied in a mere assignment of a lease. 16 R. C. L. 843. The most that can be said in this connection is that by the use of the words "grant" and "convey" in the assignment a covenant against incumbrances and prior conveyances by the assignors is implied. Article 1112, R. S. Such a covenant would not protect the assignee from the defect which existed in the title of the assignors in this case and by reason of which the title failed. For the reason indicated the assignment is sustained.

[3] The remaining assignments refer to alleged errors in the cancellation phase of the suit and judgment of cancellation. The plaintiffs in error have parted with all interest under the lease. They are under no legal obligation to defend for the gas company, or to prosecute this appeal in its behalf. The gas company has not appealed. It is before

*this court as a defendant in error.* We are therefore of the opinion that these remaining assignments present no error which adversely affect White and Gorman. If well taken, they are harmless as to them.

The judgment in favor of the Lone Star Gas Company upon its cross-action against White and Gorman is reversed and here rendered for the latter. In all other respects the judgment of the court below is affirmed.

Affirmed in part; reversed and rendered in part.